# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 09-50822

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2014

Lyle W. Cayce
Clerk

ABIGAIL NOEL FISHER,

Plaintiff - Appellant

v.

UNIVERSITY OF TEXAS AT AUSTIN; DAVID B. PRYOR, Executive Vice Chancellor for Academic Affairs in His Official Capacity; WILLIAM POWERS, JR., President of the University of Texas at Austin in His Official Capacity; BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM; R.STEVEN HICKS, as Member of the Board of Regents in His Official Capacity; WILLIAM EUGENE POWELL, as Member of the Board of Regents in His Official Capacity; JAMES R. HUFFINES, as Member of the Board of Regents in His Official Capacity; JANIECE LONGORIA, as Member of the Board of Regents in Her Official Capacity; COLLEEN MCHUGH, as Member of the Board of Regents in Her Official Capacity; ROBERT L. STILLWELL, as Member of the Board of Regents in His Official Capacity; JAMES D. DANNENBAUM, as Member of the Board of Regents in His Official Capacity; PAUL FOSTER, as Member of the Board of Regents in His Official Capacity; PRINTICE L. GARY, as Member of the Board of Regents in His Official Capacity; KEDRA ISHOP, Vice Provost and Director of Undergraduate Admissions in Her Official Capacity; FRANCISCO G. CIGARROA, M.D., Interim Chancellor of the University of Texas System in His Official Capacity,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas

No. 09-50822

<u>ON PETITION FOR REHEARING EN BANC</u>
(Opinion July 15, 2014, 758 F.3d 633)

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

The court having been polled at the request of one of its members, and a majority of the judges who are in regular active service and not disqualified not having voted in favor (Fed. R. App. P. 35 and 5th Cir. R. 35), the Petition for Rehearing En Banc is DENIED. Judge Garza, joined by Judges Jones, Smith, Clement, and Owen, dissents from the court's denial of rehearing en banc, and his dissent is attached.

In the en banc poll, 5 judges voted in favor of rehearing (Judges Jones, Smith, Clement, Owen, and Elrod) and 10 judges voted against rehearing (Chief Judge Stewart and Judges Jolly, Davis, Dennis, Prado, Southwick, Haynes, Graves, Higginson, and Costa).



ENTERED FOR THE COURT:

Patrick E. Higginbotham

UNITED STATES CIRCUIT JUDGE

EMILIO M. GARZA, Circuit Judge, dissenting from Denial of Rehearing En Banc, joined by JONES, SMITH, CLEMENT, and OWEN, Circuit Judges:

The en banc court, by denying en banc review, effectively adopts the panel majority's opinion rejecting the dictates of *Fisher v. University of Texas at Austin* which requires that this court not defer to the University's claim that its use of racial classifications in its admissions process is narrowly tailored to its stated goal. 133 S. Ct. 2411, 2420 (2013). Clearly the panel majority dutifully bows to *Fisher*'s requirements, but then fails to conduct the strict scrutiny analysis it requires, thus returning to the deferential models of *Regents of University of California v. Bakke*, 438 U.S. 265 (1978), and *Grutter v. Bollinger*, 539 U.S. 306 (2003).

In my dissent, I explain and analyze with some detail the University's position, in which it fails to furnish any articulated meaning for its stated goal of "critical mass." *Fisher v. Univ. of Tex. at Austin*, 758 F.3d 633, 666–75 (5th Cir. 2014) (Garza, J., dissenting). By not providing a clear definition of that end goal, the University eliminates any chance that this court could conduct the "most rigid scrutiny" of its race-conscious admissions program. *See Fisher*, 133 S. Ct. at 2419 (quoting *Loving v. Virginia*, 388 U.S. 1, 11 (1967)). Analytically, *Fisher* requires that the University's stated goal not be confined to the assessment of the University's decision to pursue diversity, but also reach the narrow tailoring analysis. "The University must prove that the means chosen by the University to attain diversity are narrowly tailored to that goal." *Id.* at 2420.

For these reasons, more comprehensively stated in my panel dissent, I respectfully dissent from the denial of rehearing en banc.